**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:14-cr-00105-MR-DLH**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**JAMES TIMOTHY WILSON,** )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Letters of Recommendation [Doc. 41].

The Defendant moves this Court to seal the letters of recommendation filed by the Defendant on May 16, 2016; as well as the instant Motion to Seal. [Doc. 41]. For grounds, the Defendant states that sealing these documents is "essential to preserving Mr. Wilson's privacy . . . ." [Id.]. The Government does not object to the Defendant's Motion.

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the Government expressly does not oppose the Defendant's motion, and the public has been provided with adequate notice and an opportunity to object. The Defendant filed his motion on May 19, 2016, and it has been accessible to the public through the Court's electronic case filing system since that time.

Apart from making the conclusive allegation that sealing these documents is essential to the Defendant's privacy, however, the Defendant fails to identify with specificity what should be sealed, and why. The Court notes that the Defendant made four separate filings of Letters of Support on May 16, 2016, that, when combined, total 45 pages. [Docs. 34-38]. This broad and nonspecific request to seal all 45 pages as well as the Motion itself is irreconcilable with the strong presumption favoring public access to court records. See In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984).

Notwithstanding the Defendant's lack of specificity, this Court, upon careful review, has identified the disclosure of the Defendant's social security number and birth date in Documents 37 and 38. [Docs. 37 at 1; 38 at 1]. The public's right of access to the Defendant's birth date and social security number is substantially outweighed by the Defendant's competing interest in

protecting that information from disclosure. Therefore, Documents 37 and 38 warrant further consideration.[1]

This Court cannot grant the Defendant's Motion to Seal, because there is a less drastic alternative to sealing Documents 37 and 38. The Clerk is instructed to redact the aforementioned personal information from these documents, and make the redacted versions accessible to the public through the Court's electronic case filing system.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Seal Letters of Recommendation [Doc. 41] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall redact the Defendant's social security number and birth date from Documents 37 and 38, and make the redacted versions accessible to the public through the Court's electronic case filing system.

**IT IS SO ORDERED.**

Signed: May 31, 2016

Martin Reidinger
United States District Judge

---

[1] The Court did not identify any other information in the May 16, 2016 filings that *per se* warrants protection. The Defendant may, upon a proper showing, move this Court to redact or seal additional portions of these documents.